IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. CR 99-0073 SI |
| Plaintiff, | **ORDER DENYING DEFENDANT'S MOTION FOR RESENTENCING** |
| v. | |
| ROBERT LEE COLLINS, a/k/a ROBERT ZILITIS, | |
| Defendant. | |

On February 9, 2007, defendant filed a pro se motion requesting that the Court resentence him based upon Amendment 599 to the United States Sentencing Guidelines. The government has opposed the motion.

On January 7, 2000, defendant pled guilty, pursuant to a plea agreement, to eleven counts of armed bank robbery in violation of 18 U.S.C. §§ 2113(a) and (d), one count of use of a firearm in connection with a crime of violence in violation of 18 U.S.C. § 924(c)(1), and one count of conspiracy to commit armed bank robbery in violation of 18 U.S.C. § 371. In the plea agreement, defendant agreed to a five level enhancement for "firearm (brandished, displayed or possessed Count 11)."[1] Govt's Oppo., Ex. B at 8. Judge Legge of this Court sentenced defendant to 300 months of imprisonment, with a five-year term of supervised release, and ordered restitution.

The Court finds that defendant's motion is both procedurally barred and substantively without merit. In the plea agreement, defendant waived his right to collaterally challenge his sentence. *See*

---

[1] Count 11 of the indictment charged defendant with bank robbery in violation of 18 U.S.C. §§ 2113(a) and (b).

Gov's Oppo. Ex. B at 8. In addition, defendant has already filed one motion pursuant to 28 U.S.C § 2255; the Court denied that motion as untimely. The instant motion is essentially a second untimely § 2255 motion.

Even if defendant's motion was properly filed, however, it would fail on the merits. Amendment 599, which became effective on November 1, 2000, directs that no guideline weapon enhancement should be applied when determining the sentence for a crime of violence or drug trafficking offense underlying a conviction under 18 U.S.C. § 924(c). The commentary to Amendment 599 clarifies that "weapons enhancements may be applied when determining the sentence for counts of conviction outside the scope of relevant conduct for the underlying offense (e.g., a conviction for a second armed bank robbery for which no 18 U.S.C. § 924(c) conviction was obtained.)." U.S. Sentencing Commission Guidelines Manual Supp. to App. C at 71-72 (2001). Here, defendant did not receive a weapons enhancement for his conviction under 18 U.S.C. § 924(c) (count nine). Instead, as permitted by Amendment 599, he received a weapons enhancement for his conviction under 18 U.S.C. §§ 2113(a) and (d) (count eleven).

For the foregoing reasons, the Court DENIES defendant's motion. (Docket No. 486).

**IT IS SO ORDERED.**

Dated: March 7, 2007

SUSAN ILLSTON
United States District Judge