UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>    v.<br><br>ROBERT LEE COLLINS,<br><br>    Defendant. | Case No. 99-cr-00073-SI-1<br><br>Case No. 16-cv-03345-SI<br><br>**ORDER DENYING MOTION TO VACATE, SET ASIDE OR CORRECT SENTENCE PURSUANT TO 28 U.S.C. § 2255 AND GRANTING A CERTIFICATE OF APPEALABILITY**<br><br>Re: Dkt. No. 533 |

Defendant Robert Lee Collins[1] has filed a motion to vacate, set aside or correct his sentence under 28 U.S.C. § 2255. For the reasons discussed below, the Court DENIES the motion and GRANTS a certificate of appealability.

**BACKGROUND**

On August 25, 1999, Collins was charged in a superseding indictment with eleven counts of armed bank robbery in violation of 18 U.S.C. § 2113(a) and (d)[2] (Counts 1-8, 10-12); two counts of use of a firearm in furtherance of a "crime of violence," *i.e.*, armed bank robbery, in violation of 18 U.S.C. § 924(c) (Counts 9 and 13); one count of being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1) (Count 14); and one count of conspiracy to commit

---

[1] Collins is also known as Robert Zilitis.

[2] 18 U.S.C. § 2113(a) and (d) prohibit, in relevant part, bank robbery committed "by force and intimidation." 18 U.S.C. § 2113(a) and (d).

armed bank robbery, in violation of 18 U.S.C. § 371 (Count 15). Dkt. No. 533-1, Ex. C. Under the terms of a Rule 11(e)(1)(C)[3] plea agreement, Collins agreed to plead guilty to all eleven armed bank robbery counts, one section 924(c) count, and the conspiracy count (Counts 1-12 and 15).[4] Collins agreed to a total sentence of 300 months. The section 924(c) count to which Collins pled guilty was Count 9, which was predicated on the bank robbery charged in Count 8. The plea agreement also contained a collateral-attack waiver.

Collins' plea agreement states, *inter alia*,

> With respect to each armed bank robbery count, I, (1) knowingly and by force, violence and intimidation, (2) did take from the person and presence of employees and customers of the bank (3) money belonging to and in the care, custody, control, management and possession of the bank, (4) the deposits of which were then and there insured by the Federal Deposit Insurance Corporation, and (5) in committing the offense, I assaulted and put in jeopardy the lives of employees and customers of the bank, by the use of a dangerous weapon, a gun.

Dkt. No. 533-1, Ex. D at 2. With regard to the armed bank robbery charged in Count 8 and the corresponding section 924(c) charge in Count 9, the plea agreement states,

> With respect to specific bank robberies, I admit that I committed the armed robbery of the following banks:
>
> . . .
>
> First National Bank, 1551 El Camino Real, Millbrae, California, on or about December 4, 1998, taking approximately $3,839 belonging to and in the care, custody, control and possession of that bank (Counts Eight and Nine). I stipulate for purposes of my plea that the deposits of that bank were insured by the Federal Deposit Insurance Corporation. I robbed the bank and another person drove a getaway car. In committing the robbery, I used a pellet gun which looked like a real gun. I entered the bank in disguise, brandishing my gun and told everyone that it was a bank robbery. I then demanded money from the tellers. Once I was given the money, I made my escape. During and in furtherance of this robbery, while I made my escape, I also carried and possessed a real gun, a .25 caliber Phoenix Arms Raven model semi-automatic pistol. As I made my getaway, I accidentally left the real gun in the first getaway car. Following the robbery, I split the proceeds of this bank robbery with the other person who drove a getaway car.

*Id.* at 3, 6.

On April 14, 2000, Judge Legge of this Court imposed a total sentence of 300 months,

---

[3] This rule has since been renumbered to Rule 11(c)(1)(C).

[4] The government agreed to move to dismiss Counts 13 and 14, which it did at sentencing. Dkt. No. 193.

2

along with restitution, a special assessment, and a term of supervised release. Dkt. No. 218. Although the record does not reflect how Judge Legge apportioned the 300 month sentence across the counts, the written judgment states that Collins was convicted under Count 9 (the section 924(c) count), which carried a mandatory consecutive sentence of 60 months. Dkt. No. 533-1, Ex. A at 1-2.[5] Collins' current section 2255 motion challenges the 60 month consecutive sentence on the section 924(c) count.

Collins did not file a direct appeal. Collins has, however, filed numerous previous collateral challenges to his conviction and sentence. On March 26, 2002, Collins filed a *pro se* 28 U.S.C. § 2255 motion raising five claims. Dkt. No. 533-1, Ex. E.[6] On April 11, 2002, Collins filed a motion to amend his petition, asking to add additional grounds for relief. Dkt. No. 358. On August 12, 2002, this Court[7] denied Collins' first section 2255 motion as untimely. Dkt. No. 367. In addition, the Court noted that Collins' plea agreement gave up his right to collaterally attack his conviction on any ground other than ineffective assistance of counsel. The Court denied a certificate of appealability, as did the Ninth Circuit. Dkt. Nos. 394, 401.

On June 29, 2005, Collins filed a *pro se* motion to dismiss his conviction under Federal Rule of Criminal Procedure 12. Dkt. No. 439. The Court denied the motion for lack of jurisdiction, determining that the motion amounted to an unauthorized second or successive section 2255 motion. Dkt. No. 449. On December 20, 2006, Collins filed a *pro se* motion for relief under Federal Rule of Civil Procedure 60(b). Dkt. No. 480. The Court construed that motion as another unauthorized second or successive section 2255 motion, and denied relief. Dkt.

---

[5] The presentence report (PSR), which was adopted by the Court, calculated a total offense level of 33, a Category VI criminal history, a Guidelines range of 235-293 months on Counts 1-8, 10-12, and 15, and a mandatory consecutive 60-month sentence for Count 9. Dkt. No. 546 (PSR ¶¶ 137, 150, 169, 170.); Dkt. No. 533-1, Ex. A. The PSR also determined that Collins was a career offender, but the career offender determination did not affect any of these calculations. *Id.* ¶¶ 138, 149, 150.)

[6] Collins contended that the Court lacked jurisdiction over the criminal case; that his convictions were in violation of the plea agreement; that the Court improperly ordered restitution; that the Court improperly enhanced the base level offense; and that he suffered ineffective assistance of counsel.

[7] This case was reassigned to this Court after Collins filed the first section 2255 motion. Dkt. No. 353.

3

No. 516.

On February 9, 2007, Collins filed a *pro se* motion requesting that the Court resentence him based upon Amendment 599 to the United States Sentencing Guidelines. Dkt. No. 486. The Court denied the motion as both procedurally barred and substantively without merit. Dkt. No. 489. Collins filed a motion for reconsideration, which this Court denied. Dkt. Nos. 494, 497. The Court denied a certificate of appealability, as did the Ninth Circuit. Dkt. Nos. 501, 506.

On June 21, 2016, Collins, through counsel, filed the instant protective section 2255 motion and a motion with the Ninth Circuit seeking authorization to file a second or successive section 2255 motion. On February 21, 2017, the Ninth Circuit granted the application. Dkt. No. 536. On February 24, 2017, this Court issued an Order to Show Cause directing the United States to respond. Dkt. No. 537. The motion has been fully briefed.

**LEGAL STANDARD**

A prisoner in custody under sentence of a federal court who wishes to attack collaterally the validity of his conviction or sentence must do so by filing a motion to vacate, set aside or correct the sentence pursuant to 28 U.S.C. § 2255 in the court which imposed the sentence. 28 U.S.C. § 2255(a). Under 28 U.S.C. § 2255, the federal sentencing court is authorized to grant relief if it concludes that "the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." *See Tripati v. Henman*, 843 F.2d 1160, 1162 (9th Cir. 1988). If the court finds that relief is warranted under § 2255, it must "vacate and set the judgment aside" and then do one of four things: "discharge the prisoner or resentence him or grant a new trial or correct the sentence as may appear appropriate." 28 U.S.C. § 2255(b); *United States v. Barron*, 172 F.3d 1153, 1157 (9th Cir. 1999).

**DISCUSSION**

Collins challenges his 60 month consecutive sentence for his conviction under 18 U.S.C.

4

§ 924(c). Section 924(c) sets out mandatory minimum sentences for defendants who use or carry a firearm "during and in relation to any crime of violence or drug trafficking crime," or who possess a firearm "in furtherance of any such crime." 18 U.S.C. § 924(c)(1)(a). A "crime of violence" is defined as a felony offense that either: "(A) has as an element the use, attempted use, or threatened use of physical force against the person or property of another, or (B) that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense." 18 U.S.C. § 924(c)(3)(A)-(B). Cases addressing section 924(c)(3) refer to subsection (A) as the "force" or "elements" clause and subsection (B) as the "residual" clause.

Collins contends that under the Supreme Court's decision in *Johnson v. United States*, 576 U.S.___, 135 S. Ct. 2551 (2015) ("*Johnson II*"), armed bank robbery no longer qualifies as a "crime of violence" under 18 U.S.C. § 924(c). In *Johnson II*, the Supreme Court held that the residual clause of the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e), is unconstitutionally vague. The ACCA defines a "violent felony" as:

> any crime punishable by imprisonment for a term exceeding one year, or any act . . . that− (i) has as an element the use, attempted use, or threatened use of physical force against the person of another; or (ii) is burglary, arson, or extortion, involves use of explosives, *or otherwise involves conduct that presents a serious potential risk of physical injury to another*.

18 U.S.C. § 924(e)(2)(B) (emphasis added). The portion italicized above is known as the ACCA's "residual clause." The *Johnson II* Court held that the ACCA's residual clause "fails to give ordinary people fair notice of the conduct it punishes" and "invites arbitrary enforcement," thereby "violat[ing] the first essential of due process." 135 S. Ct. at 2556-57 (citations and internal quotation marks omitted). The requirements of fair notice and enforcement standards "apply not only to statutes defining elements of crimes, but also to statutes fixing sentences." *Id*. at 2557. For these reasons, *Johnson II* found that "increasing a defendant's sentence under the [ACCA's residual] clause denies due process of law." *Id*.

Collins asserts that the residual clause of 18 U.S.C. § 924(c)(3)(B) is unconstitutionally vague for the same reasons that the *Johnson II* court held the residual clause of the ACCA deficient. Collins argues that the ACCA's definition of "violent felony" is materially

5

indistinguishable from section 924(c)(3)(B)'s definition of "crime of violence." Collins also contends that armed bank robbery under 18 U.S.C. § 2113(a) is not a "crime of violence" under the force clause of section 924(c)(3)(A) because armed bank robbery requires neither violent force nor intentional use of force.

The government opposes defendant's section 2255 motion on numerous grounds. The government contends that the current motion is barred by the terms of Collins' plea agreement, that it is untimely, and that Collins procedurally defaulted his claims by not raising them on direct appeal. The government also argues that the Ninth Circuit has repeatedly held that armed bank robbery under 18 U.S.C. § 2113(a) is a "crime of violence" under the force clause of section 924(c)(3)(A), and thus that it is not necessary to reach Collins' vagueness challenge to the residual clause of section 924(c)(3)(B).

The Court concludes that controlling Ninth Circuit authority bars Collins' claim that his armed robbery convictions are not crimes of violence under section 924(c)(3)(A).[8] In *United States v. Selfa*, 918 F.2d 749 (9th Cir. 1990), the defendant had been sentenced as a career criminal pursuant to Sentencing Guideline Section 4B.1.1 based on two prior convictions for bank robbery under 18 U.S.C. § 2113(a). On appeal, he contended that the district court was required to hold a factual hearing to make the career criminal determination. The Ninth Circuit disagreed, holding that a conviction under 18 U.S.C. § 2113(a) was categorically a crime of violence under Guidelines Section 4B1.1's "elements" clause, which contains language almost identical to section 924(c)(3)(A). *Id*. at 751.[9] The court held:

> Selfa was twice convicted of that portion of 18 U.S.C. § 2113(a), which requires, at the very least, either "force and violence" or "intimidation." This court has defined "intimidation" under section 2113(a) to mean "willfully to take, or attempt to take,

---

[8] Accordingly, the Court finds it unnecessary to reach the government's timeliness and waiver arguments, and also need not reach Collins' vagueness challenge to the residual clause of section 924 (c)(3)(B).

[9] Guideline Section 4B.1.'s elements clause provides, "The term 'crime of violence' means any offense under federal or state law, punishable by imprisonment for a term exceeding one year, that – (1) has as an element the use, attempted use, or threatened use of physical force against the person of another."

> in such a way that would put an ordinary, reasonable person in fear of bodily harm." . . .
>
> We therefore hold that persons convicted of robbing a bank "by force and violence" or "intimidation" under 18 U.S.C. § 2113(a) have been convicted of a 'crime of violence' within the meaning of Guideline Section 4B1.1.

*Id.* (internal citations omitted). Later, in *United States v. Wright*, 215 F.3d 1020, 1028 (9th Cir. 2000), the Ninth Circuit held that "[a]rmed bank robbery qualifies as a crime of violence [under § 924(c)(3)] because one of the elements of the offense is a taking 'by force and violence, or by intimidation.'"

Collins argues that *Wright* and *Selfa* have been implicitly overruled by *Johnson v. United States*, 559 U.S. 133 (2010) ("*Johnson I*")*, Leocal v. Ashcroft*, 543 U.S. 1 (2004), and *Fernandez-Ruiz v. Gonzales*, 466 F.3d 1121 (9th Cir. 2006) (en banc). In *Johnson I*, the Supreme Court held that to qualify as a "crime of violence" under the force clause of the ACCA, an offense must have as an element the use, attempted use, or threated use of violent physical force, "that is, force capable of causing physical pain or injury to another person." *Johnson I*, 559 U.S. at 140. In *Leocal*, the Court held that Florida's driving under the influence statute, which does not require proof of any particular mental state, cannot be a predicate crime of violence under 18 U.S.C. § 16(a) because section 16(a) requires a higher degree of intent than negligent or merely accidental conduct.[10] In *Fernandez-Ruiz*, the Ninth Circuit analyzed whether a misdemeanor conviction under an Arizona domestic violence statute was a categorical crime of violence under 18 U.S.C. § 16(a). The Arizona statute required proof of intentional, knowing or reckless conduct. *Fernandez-Ruiz*, 466 F.3d at 1125. The Ninth Circuit applied *Leocal* and concluded that "the reasoning of Leocal−which merely holds that using force negligently or less is not a crime of violence−extends to crimes involving the reckless use of force," and therefore "the offense underlying Fernandez-Ruiz's 2003 misdemeanor domestic violence conviction was not a categorical crime of violence under 18 U.S.C. § 16(a)." *Id.* at 1129, 1132. Collins argues that after *Johnson I*, *Leocal*, and *Fernandez-Ruiz*, crimes of violence under section 924(c)(3) require

---

[10] 18 U.S.C. § 16(a) provides, "The term "crime of violence" means−(a) an offense that has as an element the use, attempted use, or threatened use of physical force against the person or property of another, [or (b) . . . .]"

proof of intentional use or threatened use of violent physical force.

The Court disagrees with Collins and finds that *Selfa* and *Wright* have not been implicitly overruled. After the completion of briefing on this matter, the Ninth Circuit issued a per curiam decision in *United States v. Gutierrez*, 876 F.3d 1254 (9th Cir. 2017), holding that the federal offense of carjacking is a "crime of violence" under section 924(c), and reaffirming that *Selfa* remains good law after *Johnson I*. The court noted "the federal bank robbery statute, [] like the federal carjacking statute, proscribes robbery 'by force and violence, or by intimidation.'"[11] *Id.* at 1256. The court noted that every circuit to address whether carjacking constitutes a crime of violence after *Johnson I* had concluded that it does, and that these courts had "construed 'intimidation' in the federal carjacking statute to mean the same thing as its counterpart in the federal bank robbery statute." *Id.* at 1257. The court held,

> We agree with the analysis of our sister circuits. We, too, have held that "intimidation" as used in the federal bank robbery statute requires that a person take property "in such a way that would put an ordinary, reasonable person in fear of bodily harm," which necessarily entails the "threatened use of physical force." *United States v. Selfa*, 918 F.2d 749, 751 (9th Cir. 1990) (citation omitted). As a result, in our court, too, federal bank robbery constitutes a crime of violence. *Id*. We have not addressed in a published decision whether *Selfa*'s holding remains sound after *Johnson*, but we think it does. A defendant cannot put a reasonable person in fear of bodily harm without threatening to use "force capable of causing physical pain or injury." *Johnson*, 559 U.S. at 140, 130 S.Ct. 1265 . . . . Bank robbery by intimidation thus requires at least an implicit threat to use the type of violence physical force necessary to meet the *Johnson* standard.

*Id.*; *see also United States v. Pritchard*, No. 15-50278, 692 Fed. App'x 349, 351-52 (9th Cir. May 18, 2017) (unpublished) (affirming that a conviction for armed bank robbery under 18 U.S.C. § 2113(a) constitutes a crime of violence under section 924(c), rejecting the argument that *Selfa* and *Wright* have been implicitly overruled by "any intervening authority," and stating that "a conviction under § 2113(a) requires a showing of general intent, and therefore requires that any 'intimidation' and threatened use of force be intentional"); *United States v. Cross*, No. 15-50458, 691 Fed. App'x 312, 312-13 (9th Cir. May 15, 2017) (unpublished) (affirming that a conviction under 18 U.S.C. § 2113(a) qualifies as a crime of violence under the career offender guideline, and

---

[11] 18 U.S.C. § 2119 defines carjacking as follows: "Whoever, with the intent to cause death or serious bodily harm takes a motor vehicle . . . from the person or presence of another by force and violence or by intimidation, or attempts to do so, shall [be punished according to law]."

8

rejecting argument that *Selfa* and *Wright* were implicitly overruled by *Johnson I*, *Leocal*, or *Fernandez-Ruiz*).

Accordingly, the Court finds that because *Selfa* and *Wright* have not been overruled, a conviction for armed bank robbery under 18 U.S.C. § 2113(a) qualifies as a crime of violence under section 924(c), and therefore Collins' 60 month sentence for his conviction under section 924(c) was proper. For these reasons, the Court DENIES Collins' section 2255 motion.

The Court recognizes that some district courts have concluded that a conviction under section 2113(a) is not a crime of violence after *Johnson II*.[12] Thus, the Court finds that reasonable jurists could disagree on this question, and GRANTS a certificate of appealability on this issue. *See* 28 U.S.C. § 2253(c)(2).

## CONCLUSION

For the reasons set forth above, the Court DENIES Collins' section 2255 motion and GRANTS and certificate of appealability.

**IT IS SO ORDERED**.

Dated: January 11, 2018

SUSAN ILLSTON
United States District Judge

---

[12] *See, e.g.*, *Knox v. United States*, Case No. C 16-5502 BHS, 2017 WL 347469 (W.D. Wash. Jan. 24, 2017).

9