UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>Plaintiff,<br>v.<br>ROBERT LEE COLLINS,<br>Defendant. | Case No. 99-cr-00073-SI-1<br>Case No. 16-cv-03345-SI<br>**ORDER DENYING DEFENDANT'S MOTION FOR RECONSIDERATION**<br>Re: Dkt. No. 549 |

On January 11, 2018, the Court denied defendant's successive motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255, and granted a certificate of appealability. On February 12, 2018, defendant, through counsel, filed a notice of appeal. The same day, defendant filed a *pro se* motion for reconsideration of the January 11, 2018 order. Dkt. No. 549. In light of the filing of the appeal by defense counsel, it is unclear whether defendant's *pro se* motion for reconsideration is properly before the Court. However, in the interest of resolving all matters to facilitate the timely processing of the appeal, the Court will rule on the motion for reconsideration.

Defendant's motion contends that the Court neglected to address defendant's claim of "actual innocence" that was raised in his section 2255 motion. Defendant's motion for reconsideration frames his actual innocence claim as follows: although defendant admits that he robbed First National Bank on December 4, 1998 (and pled guilty to that offense), and that he used a pellet gun inside the bank and had a real firearm when he made his escape, defendant asserts he is legally and factually innocent of the 18 U.S.C. § 924(c) charge because he did not use a real firearm when he was inside the bank, and the "crime of bank robbery ends when the offender is no longer assaulting a person or placing a life in jeopardy and has in fact walked out of the bank he entered to rob." Dkt. No. 549 at 13.

The Court finds that defendant's arguments lack merit. Defendant's section 2255 motion did not raise the "actual innocence" claim that is presented in defendant's motion for reconsideration. The Ninth Circuit granted defendant permission to file the successive section 2255 motion after concluding that defendant had made a *prima facie* showing for relief on his claim that under *Johnson v. United States*, 576 U.S.___, 135 S. Ct. 2551 (2015) ("*Johnson II*"), armed bank robbery no longer qualifies as a "crime of violence" under 18 U.S.C. § 924(c). The Ninth Circuit granted defendant permission to proceed with the section 2255 motion addressing the *Johnson* claim, and the Ninth Circuit did not give defendant permission to raise the "actual innocence" claim that is discussed in defendant's motion for reconsideration. Dkt. No. 536. Defendant's section 2255 motion was limited to the *Johnson* claim, and the motion did not argue that defendant is actually innocent based upon the theory raised in the motion for reconsideration. Dkt. No. 533.[1]

Accordingly, the Court DENIES defendant's motion for reconsideration because that motion raises new issues that were not presented in the section 2255 motion. As this case is now on appeal, the Court will not entertain any further motions filed by defendant during the pendency of the appeal.

**IT IS SO ORDERED**.

Dated: March 1, 2018

SUSAN ILLSTON
United States District Judge

---

[1] Defendant's reply brief in support of his section 2255 motion did argue that he was "actually innocent" of the section 924(c) charge because, under *Johnson*, his conduct no longer constituted a "crime of violence." *See* Dkt. No. 544 at 10. However, this "actual innocence" argument was based on *Johnson* and encompassed within the scope of the Ninth Circuit's grant of permission to proceed with the section 2255 motion.