UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>    v.<br><br>ROBERT COLLINS,<br><br>    Defendant. | Case No. 99-cr-00073-SI-1<br><br>**ORDER CONSTRUING DEFENDANT'S MOTION FOR RECONSIDERATION (DKT. NO. 549) AS MOTION TO FILE SECOND OR SUCCESSIVE HABEAS PETITION AND TRANFERRING MOTION TO COURT OF APPEALS, AND DENYING "MOTION FOR IDENTIFICATION OF ISSUES FOR APPEAL" AS MOOT**<br><br>Re: Dkt. Nos. 549, 563 |

On February 22, 2017, the Ninth Circuit granted defendant permission to file a second or successive motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255, based on its conclusion that defendant had made a *prima facie* showing for relief on his claim that under *Johnson v. United States*, 576 U.S.___, 135 S. Ct. 2551 (2015) ("*Johnson II*"), armed bank robbery no longer qualifies as a "crime of violence" under 18 U.S.C. § 924(c). The matter was briefed, and on January 11, 2018, this Court denied defendant's section 2255 motion, and granted a certificate of appealability.

On February 12, 2018, defendant, through counsel, filed a notice of appeal and that appeal is now pending before the Ninth Circuit. The same day, defendant filed a *pro se* motion for reconsideration of the January 11, 2018 order. Dkt. No. 549. Defendant's motion for reconsideration asserted that the Court had neglected to rule on an "actual innocence" claim that was also raised in defendant's section 2255 motion.[1]

---

[1] Defendant's motion for reconsideration framed his actual innocence claim as follows:

In an order filed March 1, 2018, the Court denied defendant's motion for reconsideration. The Court found that the Ninth Circuit had not granted defendant permission to raise the "actual innocence" claim described in the motion for reconsideration, and that no such "actual innocence" claim was actually raised in defendant's second or successive section 2255 motion.

Defendant has continued to file *pro se* motions related to the Court's denial of the motion for reconsideration, including most recently a "motion to request identification of issues for appeal." Dkt. No. 563. In that filing, defendant requests that the Court construe defendant's motion for reconsideration as a request for permission to file an additional second or successive motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 raising the "actual innocence" claim, and to transfer that motion to the Ninth Circuit Court of Appeals.

The Court concludes that it is in the interest of justice and judicial efficiency to grant defendant's request pursuant to Ninth Circuit Rule 22-3.[2] Accordingly, the Court construes defendant's motion for reconsideration (Dkt. No. 549) as a motion to file a second or successive section 2255 motion, and TRANSFERS that motion to the Ninth Circuit Court of Appeals for decision in the first instance.[3] As a result of this construal and transfer, defendant is informed that <u>any further filings regarding defendant's request for permission to file a second or successive</u>

---

although defendant admits that he robbed First National Bank on December 4, 1998 (and pled guilty to that offense), and that he used a pellet gun inside the bank and had a real firearm when he made his escape, defendant asserts that under *United States v. Dinkane*, 17 F.3d 1192 (9th Cir. 1994), he is legally and factually innocent of the 18 U.S.C. § 924(c) charge because he did not use a real firearm when he was inside the bank, and the "crime of bank robbery ends when the offender is no longer assaulting a person or placing a life in jeopardy and has in fact walked out of the bank he entered to rob." Dkt. No. 549 at 13.

[2] That rule provides, *inter alia*, that "If an application for authorization to file a second or successive section 2254 petition or section 2255 motion is mistakenly submitted to the district court, the district court shall refer it to the court of appeals."

[3] As such, there is no need for defendant to pay a filing fee regarding the notice of appeal that he filed purporting to appeal the denial of the motion for reconsideration. *See* Dkt. Nos. 557, 562, 558. In this Court's view, the transfer of the motion for reconsideration to the Ninth Circuit moots defendant's appeal of the denial of motion for reconsideration. To the extent defendant currently requests that the Court construe defendant's motion for a certificate of appealability (Dkt. No. 556) as a motion to expand the COA the Court granted in the January 11, 2018 order, that request is denied as moot due to the Court's construal of the motion for reconsideration as a request for permission to file a second or successive motion raising the "actual innocence" claim.

2

motion under 28 U.S.C. § 2255 raising an "actual innocence" claim (or any other second or successive claim under 28 U.S.C. § 2255, such as ineffective assistance of counsel[4]) must be filed in the Ninth Circuit Court of Appeals.  Further, defendant's appeal of this Court's January 11, 2018 order denying the section 2255 motion raising the *Johnson II* claim is pending before the Ninth Circuit, and thus defendant is directed not to file any further filings related to that appeal in this Court.

**IT IS SO ORDERED**.

Dated: April 25, 2018  _____
SUSAN ILLSTON
United States District Judge

---

[4] Defendant's current motion also references an ineffective assistance of counsel claim that he wishes to pursue.